## Marshall County Board of Drainage Com'rs v. Miller et al.

May 12, 1944

Farland Robbins for appellant.

McDonald & Boaz and H. H. Lovett for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The Clarks River Drainage District (West Fork Division), comprising land in Marshall and Graves Counties, was created in 1920, under the provisions of Section 2380b-1 et seq., Kentucky Statutes. Bonds in the sum of $189,000, bearing 6% interest, were then issued. In 1936 the Board of Drainage Commissioners adopted orders providing for the issuance of refunding bonds in the amount of $35,000, bearing 4% interest. It appears that the face value of outstanding bonds was then $131,000, but arrangements had been made to satisfy them with the amount of the new bond issue, which was to be accepted by the Reconstruction Finance Corporation, a Federal agency. But the bonds were not in fact issued. In June, 1942, other orders were made and proceedings taken ratifying or adopting the action taken in 1936, and bonds in the sum of $34,000 were issued accordingly. KRS 269.010.

Having failed to do so in December, 1942, in February, 1943, the Board adopted an order levying the sum of $4,129.96 as the amount estimated to be necessary to meet the 1943 "requirements, defaulted bonds, interest and anticipated delinquencies." It was declared that the rate should be 2.7% of the "unused benefits" on all tracts unreleased, amounting to $154,981.54, in order to raise the necessary sum,. It appears that the rate of tax for previous years had been 1.6% and that the extraordinary increase was deemed necessary because of certain delinquencies by some of the property owners and in obedience to the request of the Reconstruction Finance Corporation, the holder of the bonds, for a 20% additional assessment to cover anticipated delinquencies.

Certain property owners brought suit against the Board of Drainage Commissioners and the Sheriff seeking a declaratory judgment that the Board was without right to levy so large a sum or the sheriff to collect it. The principal objection seems to be that the Board should have enforced liens on property upon which former levies had become delinquent and not to have burdened other property with those charges. Appropri-

502

ate injunctions were also asked. The court adjudged the levy to be unnecessary and excessive and enjoined the collection thereof. The Board was ordered to reassemble forthwith and fix new assessments for the bonds issued in 1942 and make a new levy for the year 1943. Upon request of the parties the court suggested that a levy between 1.5% and 1.7% would not be unreasonable or unnecessary.

The trial court had before him, as we have, a record of assessments, payments, delinquencies and mathematical calculation. It appears that by the time the trial was had a substantial part of the defaulted payments had been collected and that the anticipated deficits had not materialized. The judgment was not rendered until February 11, 1944, and the appeal not filed until April 10th, with a motion to advance the case on April 21st. In a large degree, therefore, it appears that the issues have become moot. It is presumed that the judgment was obeyed as no effort was made to suspend its enforcement pending the appeal. A reversal of the judgment could only result in a retroactive levy, and because of the character of the tax, future needs for a deficiency may be met by current levies. However, we are not convinced that the trial court was wrong in its judgment.

Wherefore the judgment is affirmed.